Commonwealth *v.* Anderson, Appellant.

Argued September 12, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel*, Assistant Defender, with him *Benjamin Lerner*, Defender, for appellant.

*Daniel P. McElhatton*, Assistant District Attorney, with him *Mark Sendrow* and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P.J., April 22, 1976:

This is an appeal by the defendant-appellant, Gregory Anderson, after conviction of carrying a firearm without a license, carrying a firearm in a public place, and possession of an instrument of crime and prohibited offensive weapon. A petition to suppress the evidence was denied by the court below and he was sentenced to thirty (30) to sixty (60) days imprisonment. The court below refused his petition for certiorari to the Common Pleas Court and this appeal followed.

On March 8, 1975, two Philadelphia police officers received a call on their police radio that a Negro male named "Perry" was in a bar at 57th and Master Streets in Philadelphia and that the person was an escapee from a drug rehabilitation program. He was described as being five feet ten inches tall and wearing a dark coat. The caller also stated that he had a large bush hairstyle. Upon receiving this information the officers went to the Capri Bar at 57th and Master Streets and entered the premises through the rear door. After entering the

premises they observed a Negro male seated in the rear of the bar. The man had a large bush hairstyle and was wearing a dark coat. The officers then approached this individual and requested that he identify himself. Appellant replied that he was "Charles Hays." One of the policemen then told appellant to stand and as he did so the officer grabbed the right pocket of appellant's inner jacket and felt what he thought to be a gun. He then reached into appellant's pocket and removed a small pistol from it. Appellant was then searched thoroughly. Identification papers found on his person revealed him to be Gregory Anderson and not Charles Hays.

The sole issue raised in this appeal is whether the officers possessed sufficient probable cause to search the appellant when they did.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. It does not prohibit warrantless searches and seizures but does restrict the circumstances under which a warrantless arrest or seizure may be made. Therefore the reasonableness of searches must be determined on a case by case basis taking into consideration the facts and circumstances of each case. See, *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A. 2d 304 (1963), cert. denied, 375 U.S. 910.

In the instant case, the police received information that an escapee from a drug rehabilitation program was present in a particular bar. They also had a description of the suspect stating that he was a Negro male, was 5 feet 10 inches in height, had a large bush haircut and was wearing a dark coat. Upon entering the particular bar the police observed a person who fit the description which they had been given. When he was interviewed the suspect gave a name different than the one with which the police had been provided. Under all of these circumstances the officer was certainly justified in conducting a quick "frisk" of the suspect to determine whether he was in any physical danger. Since the suspect

fit the description of the person identified over the police radio, was found at the exact place given in the radio call, and since, upon initial questioning, he gave a name different from the one given over the radio, there existed at that time sufficient cause for the officer to believe that the suspect was not about to be co-operative and that therefore he might resist further efforts of questioning him by the police. While the radio call itself may not have constituted probable cause for the police to stop and frisk the defendant because the identity of the caller and therefore the source of this information was not known to the police, we hold that the radio call coupled with the officers' visual confirmation of the call and the defendant's subsequent evasive answers to their questions did constitute probable cause to justify a "pat down" of the defendant which resulted in the confiscation of the illegal firearm carried by the defendant. See, *Commonwealth v. Altizer*, 213 Pa. Superior Ct. 201, 245 A. 2d 692 (1968).

The police would have been remiss in their duty if they had ignored the radio call or, upon responding to it, had ignored the fact that a person fitting the description of the one identified in the radio call was present in the very place they had been informed he was. They also would have been remiss in their duty if they had accepted at face value the defendant's bold assertion that he was a person other than the one for whom they were looking. Therefore, we hold that their actions were proper and the lower court's decision refusing the suppression of the evidence so obtained and the denial of certiorari to the Common Pleas Court was correct.

Decision affirmed.